OPINION
Appellant Robert Ashcraft appeals a judgment of the Licking County Common Pleas Court convicting him of two counts of gross sexual imposition (R.C. 2907.05(A)(4)), three counts of sexual imposition (R.C.2907.06 (A)(4)), and two counts of illegal use of a minor in nudity-oriented material (R.C. 2907.323):
ASSIGNMENTS OF ERROR
 1. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN NOT DISMISSING COUNT 1, INDICTMENT, AND/OR PERMITTING APPELLEE TO AMEND TO INCLUDE A CULPABLE MENTAL STATE.
 2. THE TRIAL COURT ERRED AND/OR ABUSED THE DISCRETION IN NOT DISMISSING COUNT 2, INDICTMENT, AND/OR PERMITTING APPELLEE TO AMEND TO INCLUDE A CULPABLE MENTAL STATE.
 3. THE TRIAL COURT ERRED IN DENYING BRANCHES 3, 4, 5, 6, AND/OR 7, APPELLANT'S MOTION FILED 11/5/99.
 4. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF COUNTS 3, 4, 6, AND/OR 7; THE WEIGHT OF THE EVIDENCE FAILS TO ADEQUATELY SUPPORT FINDINGS OF GUILT BEYOND A REASONABLE DOUBT.
 5. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN FINDING APPELLANT TO BE A SEXUALLY ORIENTED OFFENDER.
Milly Kessinger, a thirteen-year-old girl, met appellant, a 53-year-old man whom she knew as "Bob," when he loaned her a jacket as she was walking through the neighborhood in the rain. She later learned that if she went to appellant's garage, he would lay out cigarettes for juveniles. Milly knew the combination of the lock on appellant's garage from going to the garage to get cigarettes. In July of 1999, Milly was swimming with four friends: Billie Jo Mulcare, age 14; Ashley Garman, age 11; Brandy Simpson, age 12; and Carrie Mulcare, age 13. Milly and the girls went to appellant's garage to get cigarettes. After they entered the garage, appellant came into the garage. Appellant was wearing jeans and a Harley-Davidson vest. Appellant told them they could not have cigarettes unless they lifted up their shirts and showed him their breasts. The girls stood in a line, and lifted up their shirts. Appellant made complimentary comments about their breasts while looking at them. Appellant photographed Milly and Ashley exposing their breasts. Appellant gave the girls one pack of cigarettes for the five of them to split. He then told them that they could not leave the garage unless he could squeeze their breasts. The girls once again stood in a line, lifted their shirts, and appellant went down the line, squeezing each girl's breasts. The pictures taken of Ashley and Milly were turned over to the police by a local photo developer. Appellant was thereafter indicted on two counts of illegal use of a minor in nudity oriented material, three counts of sexual imposition, and two counts of gross sexual imposition. Appellant entered pleas of no-contest to the two counts of illegal use of a minor in nudity oriented material, and to one count of sexual imposition, involving touching Milly. The case proceeded to bench trial on the remaining counts. Following bench trial, appellant was convicted as charged on all counts. He was sentenced to four years incarceration on each count of illegal use of a minor in nudity oriented material, sixty days incarceration on each count of sexual imposition, and two years incarceration on each count of gross sexual imposition, to be served concurrently. Appellant was found to be a sexually-oriented offender.
 I II
We address the first two assignments of error together, as appellant argues that the court erred in allowing the State to amend the indictment on the charges of illegal use of a minor in nudity-oriented material to allege the culpable mental state of recklessly, rather than dismissing the indictment. Appellant was charged with violating R.C. 2907.323
(A)(1), which provides that no person shall photograph a minor who is not the person's child or ward in a state of nudity. The statute thus does not state a culpable mental state. However, R.C. 2901.21 (B) provides that when a section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense. The statute in the instant case does not clearly indicate an intent to impose strict liability; therefore, the culpable mental state of recklessness was an essential element of the offense. However, the court did not err in allowing the State to amend the indictment to include the mental state of recklessness. An indictment, which does not contain all the essential elements of an offense, may be amended to include the omitted element, if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment. State v. O'Brien (1987), 30 Ohio St.3d 122, paragraph two of the syllabus. In this case, the identity of the crime was not changed. Further, appellant was not misled by the indictment. On both counts, the indictment clearly stated the statute which appellant was alleged to have violated, used the exact wording of the statute, and included the names of the two girls photographed by appellant. Appellant has not demonstrated that he was prejudiced in any way by allowing the State to amend the indictments to include the mental state. Finally, appellant claims the trial court erred by ordering the prosecution to amend the indictment, arguing that it was the prosecution's duty to move to amend the indictment. This claim is without merit. In the State's response to appellant's motion, the State specifically states that should the court find that recklessness is a required element, the State would move for an amendment. The first and second assignments of error are overruled.
 III
In his third assignment of error, appellant appears to argue that the court erred in overruling his motion to dismiss the charges of sexual imposition and gross sexual imposition on the basis that the indictment failed to include a culpable mental state. He also appears to argue that it is unclear whether "purposely" describes the act of touching, or the resulting sexual gratification. The "sexual contact" that is an essential element of both sexual imposition and gross sexual imposition is defined in R.C. 2907.01 as the touching of certain described parts of the human body for the purpose of sexually arousing or gratifying either the offender or the victim. Thus, the culpable mental state required for a conviction is "purposely," and is supplied by the statutory definition of sexual contact. State v. Mundy (1994), 99 Ohio App.3d 275, 287. By reading the relevant statutes together, it is clear that appellant was indicted not only for touching the girls on the proscribed parts of the body listed R.C. 2907.01(B), but also that he committed the acts for the specific purpose or intention of sexually gratifying himself. The court did not err in failing to dismiss the indictment. The third assignment of error is overruled.
 IV
Appellant argues that the judgment convicting him of two counts of gross sexual imposition and two counts of sexual imposition following bench trial is against the manifest weight of the evidence. In considering a claim that a judgment is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving conflicts in the evidence, the trier of fact clearly lost its way. State v. Thompkins (1997), 78 Ohio St.3d 380,387. The discretionary power to grant a new trial shall be exercised only in the exceptional case when the evidence weighs heavily against conviction. Id. Appellant argues that the girls were not credible because of inconsistencies in their testimony. The claimed inconsistencies relate to issues such as which girls were standing next to each other in line, where they had been swimming, and where and when they engaged in smoking. He also argues that the girls did not report the incident immediately, one of the girls had lied about her age to appellant, and one of the girls was frequently in trouble at school. He also argues that appellant's version of the facts, in which he claims he did not ask the girls to lift their tops, but that they instead "flashed" him, is credible. The judgment is not against the manifest weight of the evidence. Whether or not the girls could remember the exact sequence in which appellant touched their breasts one year after the incident is insufficient to undermine the credibility of their comments. Generally, the girls consistently testified that they had to lift up their shirts in order to get the cigarettes. Several of the girls testified that appellant made complimentary comments to them about the appearance of their breasts. Further, several of the girls testified he blocked the door, and would not let them leave until he squeezed their breasts. All the girls testified that he touched their breasts while they were in the garage. The judgment is not against the manifest of the evidence. The fourth assignment of error is overruled.
 V
Appellant argues that the court erred in finding him to be a sexually-oriented offender, as he did not receive notice of a sexual offender classification hearing pursuant to State v. Gowdy (2000),88 Ohio St.3d 387. In Gowdy, the defendant was labeled as a sexual predator. In the instant case, the court did not label appellant a sexual predator, but labeled him a sexually oriented offender. This label is the minimum classification required to be imposed as a result of conviction of a certain type of offense. State v. Erwin (September 2, 1999), Licking Appellate No. 9-CA-54, unreported. The court's order finding appellant to be a sexually-oriented offender is therefore redundant, and merely re-states the classification which occurs automatically by operation of law. Id. Appellant therefore can claim no error in the failure to give notice of a sexual predator hearing, as the court did not classify him as a predator, and none of the evidence presented by the State was required in order to classify appellant as a sexually-oriented offender. The fifth assignment of error is overruled.
The judgment of the Licking County Common Pleas Court is affirmed.